UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| STEVEN AUTHOR BORDEAUX, ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | No.: | 3:13-CV-455-TAV-HBG |
| ) | | |
| CAROLYN W. COLVIN, ) | | |
| Acting Commissioner of Social Security, ) | | |
| ) | | |
| Defendant. ) | | |

### MEMORANDUM OPINION

This Social Security appeal is before the Court on the Report and Recommendation (the "R&R") entered by United States Magistrate Judge H. Bruce Guyton [Doc. 23]. In the R&R, Magistrate Judge Guyton recommends that this matter be remanded to the Administrative Law Judge ("ALJ"). The Commissioner submitted an objection to the R&R [Doc. 27], and plaintiff responded [Doc. 16].

**I.  Standard of Review**

The Court must conduct a *de novo* review of portions of the magistrate judge's R&R to which specific objections are made unless the objections are frivolous, conclusive, or general. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). The Court must determine whether the Commissioner applied the proper legal standards and whether the Commissioner's findings are

supported by substantial evidence based upon the record as a whole. *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005). The substantial evidence standard of judicial review requires that the Court accept the Commissioner's decision if a reasonable mind might accept the evidence in the record as adequate to support the Commissioner's conclusions. *Walters v. Comm'r of Soc. Sec. Admin.*, 127 F.3d 525, 528 (6th Cir. 1997). If substantial evidence supports the Commissioner's decision, it is irrelevant whether the record could support a decision in the plaintiff's favor or whether the Court would have decided the case differently. *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986). In addition to reviewing the Commissioner's findings to determine whether they are supported by substantial evidence, the Court reviews the Commission's decision to determine whether the conclusions were reached using the correct legal standards and in accordance with the procedures promulgated by the Commissioner. *See Wilson v. Comm'r of Soc. Sec. Admin.*, 378 F.3d 541, 546 (6th Cir. 2004). "'[A]n agency's violation of its procedural rules will not result in reversible error absent a showing that the claimant has been prejudiced on the merits or deprived of substantial rights because of the agency's procedural lapses.'" *Id.* at 547 (quoting *Connor v. U.S. Civ. Serv. Comm'n*, 721 F.2d 1054, 1056 (6th Cir. 1983)). The Court may decline to reverse and remand the Commissioner's determination if it finds that the ALJ's procedural errors were harmless. *Wilson*, 378 F.3d at 546-47. On review, the plaintiff bears the burden of proving

2

entitlement to benefits. *Boyes v. Sec. of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994) (citing *Halsey v. Richardson*, 441 F.2d 1230 (6th Cir. 1971)).

## II. Analysis[1]

In the R&R, the magistrate judge found that "the ALJ failed to properly apply the treating physician rule . . ." [Doc. 23 at 13]. The magistrate judge noted that while the ALJ gave some reasons for discounting the opinions of Dr. Cindy Perry and Dr. Andrew Miller, plaintiff's treating physicians, such as the opinions of the consultative examiners and plaintiff's intent to open a machine shop in South Carolina, these reasons were insufficient to grant the treating physicians' opinions no weight [*Id.*]. The magistrate judge also found that the ALJ failed to consider several of the regulatory factors in determining the weight to give a treating physician's opinion.

In her objection to the R&R, the Commissioner argues that the magistrate judge erred in finding that the reasons for rejecting the treating opinions were not sufficiently good reasons because the magistrate judge did not properly consider the weight of the other evidence of record regarding the defendant's disability status against of plaintiff's receipt of a Global Assessment of Functioning ("GAF") score of 50. The Commissioner argues that under prevailing Sixth Circuit case law the ALJ was entitled to give the GAF score no weight and that the low GAF score was inconsistent with the record as a whole. Plaintiff responds that the magistrate judge properly concluded that the ALJ failed to give reasons for why he assigned no weight to the opinions of plaintiff's treating physicians.

---

[1] The Court presumes familiarity with the R&R and the underlying findings of the ALJ.

Under the Social Security Act and its corresponding regulations, controlling weight is generally afforded to the opinion of a treating physician. 20 C.F.R. § 404.1527(c)(2); *see also Hill v. Comm'r of Soc. Sec. Admin.*, 560 F. App'x 547, 549 (6th Cir. 2014). The treating-physician rule requires an opinion to receive such weight so long as "it is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record." *Hill*, 560 F. App'x at 549 (quotations omitted). An ALJ must give "good reasons" supported by evidence in the record if he declines to give controlling weight to that opinion. *Willson*, 378 F.3d at 544. Should the ALJ decline to give controlling the weight, the ALJ determines the weight given to the opinion by considering the following factors: (1) the examining relationship; (2) the treatment relationship, including the length and extent of the relationship; (3) supportability of the opinion; (4) consistency with the record as a whole; (5) specialization of the treating doctor; and (6) any other factors which tend to support or contradict the opinion. 20 C.F.R. § 404.1527(c).

Having reviewed the R&R, the arguments of the parties in their underlying motions as well as in regard to the Commission's objections, the Court agrees with the magistrate judge that the ALJ failed to sufficiently state his reasons for assigning no weight to the treating physicians' opinions, so that remand is appropriate. *See Cole v. Astrue*, 661 F.3d 931, 939 (6th Cir. 2011) (noting that Sixth Circuit would not hesitate to remand when the Commissioner has not provided good reasons for the weight given to a treating physician's opinion would continue to remand opinions from ALJ's that do not

comprehensively set forth the reasons for the weight assigned to a treating physician's opinion). In this case, the ALJ noted the discrepancy between plaintiff's treating physicians and the consulting physicians in GAF scores, then noted that plaintiff had not followed his scheduled appointments or prescriptions, and gave no weight to these two opinions based on defendant's inability to comply with the recommended treatment, along with the ALJ's own opinions as to why a treating physician may reach a certain conclusion. The ALJ then proceeded to describe plaintiff's symptoms before discussing his treatment. In doing so, however, the Court finds that the ALJ did not attempt to reconcile the differences between the physicians' conclusions nor otherwise indicate how the treating physician's conclusions were consistent with or contradictory to the rest of the record. Thus, the ALJ did not properly discuss or otherwise assess the regulatory factors to determine what weight should be given to the opinions of the two separate treating physicians, and did not properly explain the reasons for assigning no weight to those opinions.

The Commissioner devotes much of its brief in support of its objection arguing that the record does not support plaintiff's reliance on the GAF score, citing to various Sixth Circuit case law for the proposed weight a GAF score should receive. Thus, the Commissioner's argument is that the magistrate judge failed to find that the treating physicians' opinions should receive no weight in light of the other substantive evidence. The Court finds, however, that the magistrate judge did not conclude that the ALJ erred in weighing one GAF more than the other. Rather, the magistrate judge found that the

5

ALJ erred by failing to adequately explain its reasoning for giving no weight to the opinions of the treating physicians, regardless of the ultimate conclusion reached. In other words, the ALJ erred by failing to "go through the required analysis to arrive" at the conclusion that the treating physician's opinions deserved no weight at all. *Cole*, 661 F.3d at 939. Accordingly, the Court agrees with the magistrate judge and finds that remand is appropriate.[2]

### III. Conclusion

For the reasons explained above, the Commissioner's objection [Doc. 27] will be **OVERRULED** and the Court will **ACCEPT IN WHOLE** the R&R [Doc. 23], which the Court will adopt and incorporate into its ruling. Plaintiff's motion for summary judgment [Doc. 18] will be **GRANTED**, the Commissioner's motion for summary judgment [Doc. 20] will be **DENIED**, and it is **ORDERED** that this case be **REMANDED** to the ALJ to explain the weight accorded to plaintiff's treating physicians' opinions and the reasons for such weight pursuant to 20 C.F.R. § 1527(c).

ORDER ACCORDINGLY.

                                             s/ Thomas A. Varlan
                                             CHIEF UNITED STATES DISTRICT JUDGE

---

[2] The Court notes that the Commissioner does not object to the magistrate judge's finding that the error was harmless, and upon review, the Court agrees that the error was not harmless and requires remand.