UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| STEVEN AUTHOR BORDEAUX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:13-cv-455 |
| | ) | (VARLAN/GUYTON) |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and Rule 72(b) of the Federal Rules of Civil Procedure, for a report and recommendation regarding disposition of Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act ("EAJA"). [Doc. 31]; see 28 U.S.C. § 2412(d). Plaintiff moves the Court to enter an Order awarding attorney fees in the amount of $9,314.75 and expenses of $18.93 under the EAJA. The Commissioner filed an objection [Doc. 32] to Plaintiff's request for attorney fees.

**I. BACKGROUND**

On December 20, 2013, Plaintiff filed a Motion for Summary Judgment and Memorandum in Support [Doc. 18 & 19]. On February 5, 2014, the Commissioner filed a Motion for Summary Judgment and Memorandum in Support [Doc. 20 & 21]. United States Chief District Judge Thomas A. Varlan entered an Order [Doc. 30] on August 28, 2014, granting Plaintiff's Motion for Summary Judgment.

1

## II. POSITIONS OF THE PARTIES

Plaintiff requests a fee award in the amount of $9,314.75 for 50.35 hours of work performed at a rate of $185.00 per hour. [Doc. 31 & 31-1]. Plaintiff acknowledges that the "hours incurred on this matter . . . are above the customary hours," but explains that the "case presented difficulty and lengthy medical records which primarily focused on the Plaintiff's mental health." [Doc. 31-1 at 3].

The Commissioner objects [Doc. 32] to the number of hours and hourly rate requested. Specifically, the Commissioner argues that Plaintiff has failed to provide proof that the current market rate supports a higher hourly attorney fee. [Id. at 2]. Further, the Commissioner contends that the number of attorney hours spent reviewing the administrative record and conducting legal research and analysis is excessive. [Id. at 3]. Although the Commissioner concedes that the record was lengthier than an average Social Security disability case, the Commissioner maintains that the number of billable hours is excessive and that Plaintiff's counsel erroneously included billing for non-attorney hours. [Id.].

## III. ANALYSIS

Now before the Court is Plaintiff's request for attorney's fees under the EAJA. Four conditions must be met before fees will be awarded under the EAJA:

> 1. Plaintiff must be a prevailing party;
>
> 2. The Commissioner's position must be without substantial justification;
>
> 3. No special circumstances warranting denial of fees may exist; and
>
> 4. The application for attorney fees must be filed within 30 days of the final judgment in the action.

See 28 U.S.C. § 2412(d)(1). The Court will first address whether all four conditions are met for

an EAJA award, and then analyze whether the requested EAJA award is reasonable.

A.   **Plaintiff is the Prevailing Party**

In this case, Plaintiff obtained a "sentence four" remand, which, for purposes of EAJA fees, renders him a "prevailing party." See Melkonyan v. Sullivan, 501 U.S. 89 (1991).

Thus, the Court finds the first condition for granting fees under the EAJA has been met.

B.   **The Commissioner's Position Was Without Substantial Justification**

To satisfy the "substantial justification" requirement the Commissioner's position must be justified, "both in fact and in law, to a degree that could satisfy a reasonable person." Jankovich v. Bowen, 868 F.2d 867, 869 (6th Cir. 1989). In this case, the Commissioner has stated that she does not oppose an award for EAJA attorney fees, only the amount of hours and rate requested. [Doc. 32]. The Commissioner has thereby conceded that her position in this matter was not substantially justified.

Thus, the Court finds that the second condition for granting fees under the EAJA has been met.

C.   **There are No Special Circumstances Affecting an Award of Attorney's Fees**

The Court is not aware of, and has not been cited to, any "special circumstances" that would otherwise make an award of attorney fees unjust.

Thus, the Court finds that the third condition for granting fees under the EAJA has been met.

D.   **The Plaintiff's Request for an Award of Fees is Timely**

Under the EAJA, a party seeking a fee award must file an application within "thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). Final judgment is defined as "a judgment that is final and not appealable." 28 U.S.C. § 2412(d)(2)(G). The Supreme Court has

3

held that the term "final judgment" "refers to judgments entered *by a court of law*, and does not encompass decisions rendered by an administrative agency." Melkonyan v. Sec. of Health & Human Servs., 501 U.S. 89, 96 (1991) (emphasis in the original). The Melkonyan Court went on to hold that "a 'final judgment' for purposes of 28 U.S.C. § 2412(d)(1)(B) means a judgment rendered by a court that terminates the civil action for which EAJA fees may be received. The 30-day EAJA clock begins to run after the time to appeal that 'final judgment' has expired." Melkonyan, 501 U.S. at 96. In a subsequent case, the Supreme Court further explained that:

> An EAJA application may be filed until 30 days after a judgment becomes "not appealable"—*i.e.,* 30 days after the time for appeal has ended . . . Rule 4(a) of the Federal Rules of Appellate Procedure establishes that, in a civil case to which a federal officer is a party, the time for appeal does not end until 60 days after 'entry of judgment[.]'

Shalala v. Schaefer, 509 U.S. 292, 302 (1993) (citing Fed. Rules App. Proc. 4(a)(1) & (7).).

The Court notes that Plaintiff's case was remanded pursuant to sentence four, [see Doc. 30], on August 28, 2014, and therefore Plaintiff's application [Doc. 31], filed on November 23, 2014, is timely.

**E.     Reasonableness of EAJA Award**

Because Plaintiff has met the four conditions discussed above, the Court moves to the final consideration under 28 U.S.C. § 2412(d) – the reasonableness of the request for attorney fees and costs. Plaintiff requests a fee award in the amount of $9,314.75 for 50.35 hours of work performed at a rate of $185.00 per hour. [Doc. 31 & 31-1]. The Court will first address the number of billable hours claimed followed by the requested hourly rates.

   *1.     Number of Hours Billed*

Plaintiff asserts that the number of hours requested is reasonable because the amount of time required to read and organize the transcript, specifically Plaintiff's medical records, was

4

more than an average Social Security case. [Doc. 31-1 at 3]. Plaintiff's attorney submitted an itemized statement of services rendered which reflects a total of 50.35 attorney hours. [Doc. 31-2 at 3-4].

The Commissioner argues that the number of billable hours is excessive for several reasons. [Doc. 23 at 2]. First, the Commissioner notes that although the transcript contained 460 pages, the medical evidence began on page 263, leaving Plaintiff's counsel only 193 pages of medical evidence to review. [Doc. 32 at 3]. Further, she argues that there are no novel issues in this matter and that, based on Plaintiff counsel's extensive experience with Social Security cases, he should not have required 50.35 hours to adequately represent his client. [Id.] Finally, the Commissioner argues that Plaintiff's counsel erroneously billed for non-attorney work. [Id. at 4].

The EAJA permits an award of only reasonable attorney's fees. See 28 U.S.C. § 2412(d)(2)(A). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The party seeking an award of attorney fees has the burden of demonstrating the reasonableness of hours by providing a detailed documentation of the hours, and the opposing party has the burden of providing evidence against this reasonableness. See Blum v. Stenson, 465 U.S. 886, 897 (1984). The court is empowered to exclude from its calculation hours that are "excessive, redundant, or otherwise unnecessary." Hensley, 461 U.S. at 434.

Although there is no hard and fast rule for determining how many hours are hours "reasonably expended" in terms of awarding attorney's fees, see Glass v. Secretary of Health & Human Services, 822 F.2d 19, 21 (6th Cir. 1987) (noting that a "boiler-plate formula for fixing

5

attorney's fees . . . does not comply with our requirement for individualized discretion"), the Sixth Circuit has previously noted that "the average number of hours for an attorney to work on a social security case ranges from 30 to 40 hours." Hayes v. Sec'y of Health & Human Servs., 923 F.2d 418, 420 (6th Cir. 1990).

The Court finds that the Plaintiff failed to meet his burden of demonstrating the reasonableness of hours requested. See Blum v. Stenson, 465 U.S. 886, 897 (1984). The pre-bill submitted by Plaintiff's counsel which includes clerical, non-attorney work product places Plaintiff in the least favorable light. [See Doc. 31-2]. The Plaintiff has failed to provide any explanation of why these entries are included or how they qualify as attorney work product. See Potter v. Blue Cross Blue Shield of Michigan, No. 10-CV-14981, 2014 WL 1304327, at *768 (E.D. Mich. Mar. 31, 2014) ("attorney time for clerical tasks such as 'file organization' and 'proofread correspondence and filing' is not compensable and fees for such time should be excluded."); Allison v. City of Lansing, No. 503-CV-156, 2007 WL 2114726, at *1 (W.D. Mich. July 19, 2007) ("It is not appropriate to award attorney fees for strictly clerical tasks.").

The Court takes issue with following entries in Plaintiff counsel's pre-bill [Doc 31-2]:

- 06/24/2013    Created Folder for Fed. Ct. action                    0.30
- 10/03/2013    updated file                                          0.20
- 11/13/2013    received/calendared scheduling order                  0.80
- 02/06/2014    received/printed Defendant's MSJ                      0.20
- 02/11/2014    Filed Reply Brief                                     0.20
- 2/11/2014     copy of reply brief to client                         0.30
- 2/12/2014     updated file                                          0.20
- 07/10/2014    Downloaded/printed Report & Recommendation            0.20

6

- 07/11/2014 fw R&R to client 0.20
- 07/28/2014 received/calendared court order 0.40
- 07/29/2014 received/calendared amended order 0.30
- 07/30/2014 received/printed/calendar def R&R object 0.40
- 08/13/2014 copy to client 0.20
- 11/17/2014 email timeslip to ada 0.20
- 11/24/2014 filing EAJA application 0.30
- **Total:** **4.4**

The Court has identified entries that are strictly clerical nature, specifically those entries that appear to require only copying, mailing, forwarding, printing, calendaring, filing, and file organization. See Rodriguez v. Astrue, No. 3:11-CV-398, 2012 WL 2905928, at *3 (N.D. Ohio July 16, 2012) (internal citations omitted) (finding that reviewing emails, forwarding copies of court documents, and "redocketing" were non-compensable); Potter, 2014 WL 1304327, at *768 (excluding entries for file organization and filing). Based on the clerical nature of these entries, the Court finds they are inappropriate for reimbursement under the EAJA.

The Commissioner further argues that Plaintiff's billed hours are excessive because the issues at bar are neither complex nor novel and an attorney with Plaintiff counsel's experience should not require 50.35 hours to adequately complete such a case. [Doc. 32]. The Court is not persuaded. Although Plaintiff's counsel erroneously included hours that should be classified as attorney overhead, the remainder of the entries appear valid and reasonable.

Accordingly, the Court recommends that Plaintiff's request for billable hours be reduced by 4.4 hours, leaving a total of 45.95 hours of attorney work performed.

7

### *2. Hourly Rates*

The Court now turns to the reasonableness of Plaintiff's requested billing rate. The Commissioner objects to Plaintiff's requested attorney hourly rate of $185.00. [Doc. 32 at 2-3]. The Plaintiff reserved "the right to attach other proof and arguments with an EAJA reply, if necessary to meet any specific objections," [Doc. 31 at 5], to his requested hourly rate. However no such reply has been filed in response to the Commissioner's objection.

Under the EAJA, the amount of fees awarded:

> shall be based upon the prevailing market rates for the kind and quality of services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A). "In requesting an increase in the hourly-fee rate, [p]laintiffs bear the burden of producing appropriate evidence to support the requested increase." Bryant v. Comm'r of Soc. Sec., 578 F.3d 443, 450 (6th Cir. 2009). In order to prove an award in excess of $125 per hour, plaintiffs must "produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Id. (quoting Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984)). This district historically relies on the formula set forth in Cook v. Barnhart, which relies on the annual average Consumer Price Index divided by 100.3. 246 F. Supp. 2d 908, 910 (E.D. Tenn. 2003). Pursuant to Cook, the hourly rate is $125.00 per hour multiplied by "the prior year's 'annual average" CPI.

Based on this formula, the Commissioner submits that the maximum hourly rate for work performed in 2013 is $177.05 and $179.86 for work performed in 2014. The Court agrees and adjusts the Plaintiff's request accordingly. The fee award should be calculated as follows:

8

$177/hour for 26.65 attorney work hours performed in 2013 plus $180/hour for 19.3 attorney work hours performed in 2014. Thus, the Court recommends Plaintiff be awarded fees in the amount of $8,185.74.

## IV. CONCLUSION

Based upon the foregoing, the Court finds that the Plaintiff's motion is well-taken. It is hereby **RECOMMENDED**[2] that Plaintiff's Petition for Award of Fees pursuant to the Equal Access to Justice Act, **[Doc. 31]** be **GRANTED in part**, and a judgment awarding Plaintiff the amount of $8,185.74 plus $18.93 for EAJA attorney fees and expenses be entered.

Respectfully submitted,

*Bruce Guyton*
United States Magistrate Judge

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).

9

Case 3:13-cv-00455-TAV-HBG   Document 34   Filed 12/10/14   Page 9 of 9   PageID #: 646